IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT J. GARRY, SR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00813-B (BT) |
| | § | |
| JOSH YEAGER, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Albert J. Garry, Sr. filed a *pro se* civil action. The Court granted Garry leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF No. 7). For the reasons stated, the Court should dismiss, in part, Garry's amended complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

## Background

On April 8, 2021, Garry, a Texas citizen, filed his complaint against his former supervisor, Josh Yeager, a citizen of Wisconsin. Compl. 1, 3, 5-6 (ECF No. 3); *see also* Am. Compl. 3 (ECF No. 10).[1] Garry alleges that, on April 1, 2019, he received a written warning from his employer for dishonesty, working unauthorized overtime, and spending company funds to purchase a flight, rental

---

[1] The Court liberally construes Garry's complaint and amended complaint with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

1

car, and other expenses without permission. Compl. 4. Garry further alleges that Yeager became his manager on January 1, 2020, but Garry never actually met Yeager in person. *Id.* 1. Then, Garry was fired on January 23, 2020. *Id.*; *see also* MJQ 5. Garry alleges that Yeager "intentionally provided false written and verbal communications to a third party causing harm, loss of unemployment benefits. As stated in the Texas Labor Code . . . it is a violation for an employer to make a false report to the commission." *Id.* In his complaint, Garry does not state what specific relief he seeks. However, he states that he is suing for "defamation of charter [sic], for personal benefits and gains by utilizing company resources." *Id.*

On April 9, 2021, the Court issued an order and notice of deficiency (ECF No. 8) because Garry's complaint failed to comply with Federal Rule of Civil Procedure 8(a). On May 10, 2021, Garry filed an amended complaint again naming Yeager as the defendant. Am. Compl. 1-3. Garry summarily alleges, "The Defendant, Josh Yeager, Provided False Information To The [Texas Workforce Commission] Officer, Causing Loss Of Unemployment Benefits." *Id.* 4; *see also* MJQ 3-4 (ECF No. 12). Based on this conduct, Garry claims that he is entitled to "Loss Of Earned Unemployment Benefits, COVID-19 Benefits And Any Relief Order[ed] By The Court." Am. Compl. 4. He seeks a total of $83,000.00 in damages ($40,000 in unemployment benefits and $43,000 in COVID-19 benefits). MJQ 2, 6 (ECF No. 2). On May 11, 2021, the Court sent Garry a Magistrate Judge's Questionnaire (ECF No. 11). Then, on May 19, 2021, Garry filed his response (ECF No. 12), which included eight pages of e-mail attachments.

2

## Legal Standards and Analysis

Garry's complaint and amended complaint are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Garry claims that his suit is "for defamation of charter [sic], for personal benefits and gains by utilizing company reasons." Compl. 1. In a diversity case, such as this one, federal courts apply the state statute of limitations, along with any accompanying rules on tolling. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997). Under Texas law, a defamation claim generally is subject to a one-year statute of limitations. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 741 (5th Cir. 2019) (citing Tex. Civ. Prac & Rem. Code Ann. §§ 16.002(a), 16.003(a)); *Pennie v. Giorgi for Dallas Morning News*, 841 F. App'x 655, 656 n.1 (5th Cir. 2021) (citing *Walker*, 938 F.3d at 741-42); *see also Anderson v. Octapharm Plasma, Inc.*, 2021 WL 1894689, at *8 (N.D. Tex. May 11, 2021); *Tu Nguyen v. Duy Tu Hoang*, 318 F.Supp.3d 983, 1011 (S.D. Tex. 2018). The limitations period begins to run from the date the cause of action accrues. *Anderson*, 2021 WL 1894689, at *8 (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a)). And, generally, a defamation action accrues when the allegedly defamatory statement is spoken or published. *Velocity Databank, Inc. v. Shell Offshore, Inc.*, 456 S.W.3d 605, 609 (Tex. App.—Houston [1st Dist.] 2014). "As a matter of law, the court should dismiss a defamation claim filed more than a year after the defamatory comments were made." *Hill v. Jacobs Eng'g Grp., Inc.*, 2011 WL 2565331, at *4 (S.D. Tex. June 27, 2011) (citing *Grogan v. Sav. of Am., Inc.*, 118 F.Supp.2d 741, 756 (S.D. Tex. 1999)).

Even liberally construing Garry's complaint and amended complaint, his defamation claims are subject to dismissal, at least in part, under the statute of

4

limitations. Garry alleges that Yeager submitted a written report to the Texas Workforce Commission on February 12, 2020, and Yeager made verbal statements on March 20, 2020 and April 17, 2020. MJQ 16 (ECF No. 12). But Garry did not file his lawsuit until April 8, 2021. Thus, Garry's claims based on the February 12, 2020 and March 20, 2020 statements are time-barred and should be dismissed. *See Coleman v. Barrington Mort. Servs., LLC*, 2020WL 4723174, at *7 (E.D. Tex. July 27, 2020) (finding that the alleged defamatory statements were time-barred because the plaintiff's lawsuit was filed more than a year after the claim accrued), *report and recommendation adopted*, 2020 WL 4698099 (Aug. 13, 2020). But Garry's claim based on Yeager's final statement, allegedly made on April 17, 2020, is timely. Garry should therefore be allowed to proceed on that claim. The Court will order the United States Marshals Service to serve summons on Josh Yeager within thirty days from the date of these findings, conclusions, and recommendation pursuant to Fed. R. Civ. P. 4(c).

## Conclusion

The Court should dismiss, in part, Garry's amended complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Specifically, the Court should dismiss Garry's claims based on allegedly defamatory statements made on February 12, 2020 and March 20, 2020.

Garry may proceed on his defamation claim based on the allegedly defamatory statements Yeager made on April 17, 2020, and the United States Marshals Service shall serve summons on Josh Yeager.

**SO RECOMMENDED**

Signed June 10, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).