IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT J. GARRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00813-B-BT |
| | § | |
| JOSH YEAGER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this defamation case is Defendant Josh Yeager's Motion to Dismiss. Mot. (ECF No. 28). For the reasons explained in these Findings, Conclusions, and Recommendation, the District Court should GRANT Yeager's Motion and DISMISS with prejudice Plaintiff Albert J. Garry's action.

## Background

Garry filed this *pro se* civil action against his former supervisor Yeager alleging Yeager lied to the Texas Workforce Commission (TWC) causing Garry to be denied unemployment and government-related COVID-19 benefits. Comp. (ECF No. 3); Am. Compl. (ECF No. 10); MJQ Answers (ECF No. 12).

Garry is a former employee of Alpha Source Inc. Mot. 2; *see* Compl. 1-2, 4; *see also* MJQ Answers 6-15. Yeager was Garry's supervisor at Alpha Source. Mot. 2; *see* Compl. 1-2, 4; *see also* MJQ Answers 6-15. Alpha Source terminated Garry's employment due to his alleged continued failure to follow company procedures.

1

Mot. 2; *see* MJQ Answers 5. Garry applied for and was denied TWC benefits purportedly based on Yeager's statements to the TWC Officer at a TWC Appeal Tribunal Hearing. *See* MJQ Answers 4, 6, 16.

Garry filed the current suit alleging Yeager's statements to the TWC Officer were defamatory. In his pleadings,[1] Garry alleges "[t]he defendant, Josh Yeager, provided false information to the TWC officer, causing loss of unemployment benefits." Am. Comp. 4. Garry claimed Yeager submitted a libelous written report to the TWC on February 12, 2020, and made defamatory statements to a TWC Officer during Appeal Tribunal Hearings on March 20 and April 17, 2020. MJQ Answers 16. The Court previously dismissed any claims based on the February 12 and March 20, 2020 allegations because a one-year statute of limitations applies to defamation claims under Texas law and Garry brought his claims on April 8, 2021, more than a year after the alleged incidents. (ECF Nos. 13, 17). Therefore, Garry's only remaining claim is for defamation based on Yeager's alleged statements to a TWC Appeal Tribunal Hearing Officer on April 17, 2020.

Yeager filed this Motion to Dismiss under Rule 12(b)(6) arguing Garry failed to state claim upon which relief could be granted under Texas law. Mot. 1. The

---

[1] Garry filed his Complaint on April 8, 2021. Compl. (ECF No. 3). However, the Court required Garry to amend his Complaint to comply with Fed. R. Civ. P. 8. Order (ECF No 8); Am. Compl. (ECF No. 10). To clarify the amended Complaint, the Magistrate Judge required Garry to answer a questionnaire providing specific factual allegations. MJQ (ECF No. 11). Garry filed his responses to the Questionnaire. MJQ Answers (ECF No. 12). Therefore, for concision, the Court refers to these documents as Garry's "pleadings."

parties filed a response (ECF No. 31) and reply (ECF No. 32), and accordingly, the Motion is ripe for determination.

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by

factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). "Dismissal is proper only if there is either: (1) the lack of a cognizable legal theory, or (2) the absence of sufficient facts alleged under a cognizable legal theory." *S&W Enters., L.L.C. v. SouthTrust Bank, N.A.*, 2001 WL 238095, at *4 (N.D. Tex. Mar. 6, 2001) (quoting *Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

Although the courts construe *pro se* litigants' pleadings liberally, *pro se* parties are not exempt from complying with the relevant rules of procedural and substantive law. *U.S. Bank, N.A. v. Richardson*, 2018 WL 5722680, at *3 (N.D. Tex. July 30, 2018) (Rutherford, J.) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from

compliance with relevant rules of procedural and substantive law . . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted)).

## Analysis

In his Motion, Yeager argues any purported statements he made to a TWC Officer in a quasi-judicial proceeding are not actionable to support a defamation claim as a matter of law under the Texas Labor Code and common law. Mot. 4-5. The Court agrees.

To establish a prima facie case of defamation under Texas law, a plaintiff must demonstrate the following: "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (citations omitted); *see also Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (stating that defamation is "a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation" under Texas law). "A statement is defamatory if it exposes a person to public hatred, contempt or ridicule, or financial injury or if it impeaches any person's honesty, integrity, virtue, or reputation." *Lorfing v. Gerdau Ameristeel U.S., Inc.*, 2017 WL 9471835, at *2 (N.D. Tex. Jan. 26, 2017) (Ramirez, J.) (internal quotations and citations omitted), *rec. accepted*, 2017 WL 562142 (N.D. Tex. Feb. 13, 2017) (Lindsay, J.). "Courts require 'more particular pleading' for defamation claims to

allow the opposing party to raise the appropriate defenses." *Lorfing*, 2017 WL 9471835, at *2 (internal quotations and citation omitted). Here, Garry's case rests on alleged defamatory statements Yeager made to a TWC Officer during a TWC tribunal about Garry's termination from Alpha Source.

Section 301.074 of the Texas Labor Code provides that "[a]n oral or written statement made to the [TWC] or to an employee of the [TWC] in connection with the discharge of the [TWC's] or the employee's duties . . . may not be the basis for an action for defamation of character." Tex. Labor Code § 301.074. Also, "[a]ll communications, both oral and written, produced during the course of a judicial proceeding are protected by absolute privilege and cannot constitute the basis of an action of defamation." *Cohen v. Prometric, Inc.*, 2010 WL 11561932, at *3 (N.D. Tex. Nov. 4, 2010) (Solis, J.) (dismissing with prejudice plaintiff's defamation claim for statements defendant made and false documents defendant submitted to the TWC). Additionally, "[p]roceedings before the [TWC] are considered quasi-judicial proceedings, therefore any communications involved in these proceedings cannot be the basis for defamation claims." *Id.*; *see Kirkland v. Racetrac Petroleum, Inc.*, 2014 WL 982852, at *3 (N.D. Tex. March 13, 2014) (Godbey, J.) (dismissing with prejudice plaintiff's claim that defendant's statements to TWC representatives in connection with plaintiff's application for unemployment insurance were defamatory or libelous); *see also Hardwick v. Hous. Lighting & Power Co.*, 881 S.W. 2d 195, 198 (Tex. App.—Corpus Christi, 1994) (holding that statements made by an employer's representative to the TWC were absolutely

6

privileged like statements made at a judicial or quasi-judicial hearing, and the statements did not constitute "publication" for purposes of an action for slander).

Yeager's statements to a TWC officer and during a TWC tribunal regarding the termination of Garry's employment at Alpha Source cannot be the basis for a defamation claim as a matter of law. Since Garry does allege an actionable false statement as the basis of his claim, Garry cannot state a cognizable claim for relief under Texas law. Accordingly, the Court should dismiss his defamation claim.

## Opportunity to Amend

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

7

Additionally, "[i]t is not incumbent on the court to give litigants repeated opportunities to prosecute and defend their claims," particularly when, as here, Garry already amended his pleadings. *Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. La. Land and Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

Here, Garry already amended his complaint once. He also provided answers to the Magistrate Judge's questionnaire to elicit whether a valid claim exists based on any facts he presented. Accordingly, the Court should find that Garry has presented his best case based on the facts provided by his amended complaint and his answers to the questionnaire. Neither his factual allegations nor his legal theories are sufficient to state any legally cognizable claim for defamation. Therefore, Garry's defamation claim should be dismissed with prejudice.

## Recommendation

For the reasons stated, the Court should GRANT Yeager's Motion to Dismiss, (ECF No. 28), and DISMISS with prejudice Garry's action under Rule 12(b)(6) for failure to state a claim.

**SO RECOMMENDED**.

May 11, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).